*Cargo* v. *The New Orleans Insurance Company.* In addition to the printed stipulations in the policy, this written clause was inserted: " The assurers are not liable for suicide, mutiny, natural death, or desertion; but to take the risk of interference by foreign governments, or their agents." The facts proved, were substantially the same as in McCargo's case, cited above. There was a verdict for the defendants, from which the plaintiff appealed.

*Peyton,* and *I. W. Smith,* for the appellant. A question arises in this case whether the word " mutiny" shall be taken in any other than its legal sense. The word is strictly confined, as applied to occurrences on ship-board, to the crew and subordinate officers—slaves are incapable of committing a mutiny. See Webster's Dictionary, *Mutiny.* 12 Petersdorff's Abridg. p. 733. Gordon's Dig. p. 745, Nos. 2654–5.

*Eustis,* also appeared for the appellant.

*Lockett, Micou,* and *R. Hunt,* for the defendants.

BULLARD, J. For the reasons stated in the case of *McCargo* v. *The New Orleans Insurance Company,* just decided, it is ordered and decreed that the judgment of the Commercial Court be affirmed, with costs.

---

JOHN HAGAN *v.* THE OCEAN INSURANCE COMPANY.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

This was an action to recover $6,500, the insurance on nine slaves, from Richmond to New Orleans. The policy was similar to that sued on in the case of *McCargo* v. *The New Orleans Insurance Company,* the insurance being on the same voyage, and the facts and questions of law the same. From a verdict and judgment in favor of the defendants, the plaintiff appealed.

*Roselius,* for the appellant.

*F. B. Conrad, T. Slidell,* and *Benjamin,* for the defendants.

BULLARD, J. For the reasons set forth in the case of *McCargo* v. *The New Orleans Insurance Company,* just decided, it is ordered and decreed that the judgment of the Commercial Court be affirmed, with costs.